UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CIERRA ROUSSEAU-DOBARD AND MICHAEL DOBARD, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, I.D. AND C.D., BRITTANY HARRIS, NICOLE JONES, CHELSI NORA, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, E.N., AND BEVERLY WILLIAMS, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED<br>Plaintiffs | * | CIVIL ACTION NO.: 2:23-cv-01433<br><br>JUDGE<br><br>MAG. JUDGE |
| VERSUS | * | |
| MOF-PRESERVATION OF AFFORDABILITY CORP., MOF-WILLOWS, LLC, PAC HOUSING GROUP, LLC, GMF-PARC FONTAINE, LLC AND HOUSING AUTHORITY OF NEW ORLEANS<br>Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO: Carol L. Michel
Clerk of Court
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C151
New Orleans, LA 70130

Defendants, MOF-Preservation of Affordability Corp., MOF-Willows, LLC, PAC Housing Group, LLC, and GMF-Parc Fontaine, LLC, respectfully submit this Notice of Removal of the above-styled matter, and as cause therefore show as follows:

## I. BACKGROUND

1.

This proposed class action began on April 11, 2023, when Plaintiffs, Cierra and Michael

Dobard, Brittany Harris, Nicole Jones, Chelsi Nora, and Beverly Williams (collectively, "Plaintiffs"), on behalf of themselves and a putative class similarly situated, filed a Class Action Petition for Damages (the "Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Cierra Rousseau-Dobard and Michael Dobard, Individually and on behalf of their minor children, I.D. and C.D., Brittany Harris, Nicole Jones, Chelsi Nora, Individually and on behalf of her minor child, E.N., and Beverly Williams, On behalf of themselves and all other similarly situated v. MOF-Preservation of Affordability Corp., MOF-Willows, LLC, PAC Housing Group, LLC, GMF-Parc Fontaine, LLC, and Housing Authority of New Orleans*, bearing civil action no. 2023-03190.[1]

2.

In their Petition, Plaintiffs name MOF-Preservation of Affordability Corp. ("MOF-Preservation"), MOF-Willows, LLC ("Willows"), PAC Housing Group, LLC ("PAC"), GMF-Parc Fontaine, LLC ("GMF"),[2] and Housing Authority of New Orleans ("HANO") as defendants.[3]

3.

According to the Petition, Plaintiffs are Lead Petitioners and/or Class Representatives of a putative class consisting of between 500 and 1,000 potential class members.[4]

4.

As discussed more fully in Sections III and VI, *infra*, this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b)(1) following commencement of the action against Defendants.[5]

---

[1] *See generally*, Copies of All Process, Pleadings, and Orders, attached hereto as Exhibit A.
[2] By way of a 2022 amendment, GMF-Parc Fontaine, LLC changed its name to MOF-Parc Fontaine, LLC. For the purposes of this pleading, however, and to avoid confusion with other defendants named herein, this entity will be referred to as GMF-Parc Fontaine, LLC or "GMF."
[3] *See* Ex. A, Plaintiffs' Petition, ¶ 2.
[4] *See* Ex. A, Plaintiffs' Petition, ¶¶ 26, 27.
[5] *See* Sections III, VI, *infra*.

5.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing the Orleans Parish, Louisiana—where the state court action is pending.[6]

## II. GROUNDS FOR REMOVAL—CLASS ACTION FAIRNESS ACT

6.

This Court has original subject matter jurisdiction over this mass action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because (A) there are more than 100 members of the proposed class, (B) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (C) there is diversity of citizenship between one plaintiff class member and one defendant.[7]

### A. Mass Action

7.

CAFA authorizes the removal of "mass actions," defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."[8] "[A] mass action shall be deemed to be a class action removable under [CAFA] if it otherwise meets the provisions of those paragraphs [relating to class action removal requirements]."[9]

---

[6] *See* 28 U.S.C. § 1441; 28 U.S.C. § 98(a) ("The Eastern District comprises the parishes of . . . Orleans . . . .").
[7] 28 U.S.C. § 1332(d)(2); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236 (5th Cir. 2015) (citing *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 85-86 (5th Cir. 2013)).
[8] 28 U.S.C. § 1332(d)(11)(B)(i).
[9] 28 U.S.C. § 1332(d)(11)(A).

8.

Plaintiffs allege in their Petition "[u]pon information and belief, there are over 500 and 1,000 potential class members."[10] Plaintiffs contend they are entitled to maintain their action as a class action pursuant to Louisiana Code of Civil Procedure Article 591 because, *inter alia*, "Joinder of all members is impracticable" and "[t]here are questions of law and fact common to the class."[11] Accordingly, Plaintiffs' civil action is a mass action as defined by CAFA.

**B. Amount in Controversy**

9.

For "mass actions," a removing defendant must show that at least one plaintiff's claim satisfies the $75,000 individual amount in controversy and that there is an aggregate amount in controversy in excess of $5,000,000, exclusive of interest and costs, relating to all class members, named or unnamed, whom fall under the definition of the proposed or certified class.[12] A removing defendant may adduce summary judgment evidence of the amount in controversy, or show that the amount is "facially apparent" from plaintiffs' pleadings alone.[13] The Court must decide by a preponderance of the evidence whether the relevant amount in controversy is met.[14] The removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.[15] While the removing party may not rely solely upon conclusory statements, a "plausible allegation" is all that is required absent plaintiff opposition.[16]

[10] *See* Ex. A, Plaintiffs' Petition, ¶ 7.
[11] *See* Ex. A, Plaintiffs' Petition, ¶ 26.
[12] *See, e.g., Robertson v. Exxon Mobil Corp.*, 814 F.3d 236 (5th Cir. 2015).
[13] *E.g., Perritt v. Westlake Vinyls Co., L.P.*, 562 Fed. Appx. 228 (5th Cir. 2014).
[14] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).
[15] *Berniard v. Dow Chemical Co.*, 481 Fed. Appx. 859 (5th Cir. 2010) (quoting *Spivey v. Verture, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).
[16] *Dart Cherokee*, 574 U.S. at 87.

Once the removing party plausibly explains amount in controversy, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.[17]

10.

While Defendants deny all Plaintiffs' claims, it is facially apparent that Plaintiffs' Petition sufficiently establishes both amounts in controversy. Plaintiffs allege damages including, "but not limited to," monetary damages, loss of use, property loss, cost of repair, inconvenience, mental anguish, lost wages and earning capacity, past and future medical expenses, loss of enjoyment of life, pain and suffering, attorney fees, court costs, litigation costs, and other damages.[18] Specifically, Plaintiffs allege that Defendants' actions, or inactions, have created dangerous conditions at the 260-unit Willows apartment complex where the putative class members reside or formerly resided between 2014 to the present, leading to mold growth—and resultant exposure to Plaintiffs—throughout the complex, as well as substandard living conditions since 2014 including, "but not limited to," water leaks, rodent infestation, dilapidated and failing building structures, lack of maintenance, severe crime, lack of security, and lack of cleanliness.[19] Finally, Plaintiffs allege that their rent ranged from approximately $780.00 to $1,230.00 per month, with additional fees that can and do apply.[20] To the extent one plaintiff paid the lowest amount of rent per month from January 1, 2014 through January 1, 2023, and seeks to recover rent paid from Defendants, that amount alone exceeds the $75,000.00 threshold. In light of the foregoing, Plaintiffs assert claims of general negligence, breach of contract, premises liability, and unfair and/or deceptive trade practices, for which Plaintiffs seek general, special, consequential, and punitive damages.[21]

---

[17] *Berniard*, 481 Fed. Appx. at 862 (*quoting Spivey*, 528 F.3d at 986).
[18] *See* Ex. A, Plaintiffs' Petition, ¶¶ 23, 27.
[19] *See* Ex. A, Plaintiffs' Petition, ¶ 13.
[20] *See* Ex. A, Plaintiffs' Petition, ¶ 7.
[21] *See generally*, Ex. A, Plaintiffs' Petition.

The totality of the alleged factual allegations and injuries claimed by certain putative class members, if proven, likely establishes the requisite jurisdictional amount of $75,000.00 for at least one plaintiff.

11.

Second, for the purpose of CAFA jurisdiction and assuming Plaintiffs' allegations are true, which is denied, the Plaintiffs' proposed class description is sufficient to establish a potential aggregate amount in controversy that meets the required $5 million jurisdictional threshold.[22] Plaintiffs allege that the putative class consists of between 500 and 1,000 members.[23] Indeed, Plaintiffs characterize the class as encompassing all "domiciliary tenants and occupants" of the complex from 2014 through the date of certification.[24] Thus, even "[a] minimal award compensating each member of such a substantial class for the alleged damages would more likely than not satisfy the jurisdictional"[25] amount of $5 million, exclusive of interest and costs. Again, Defendants deny Plaintiffs' claims, but submit that, on its face, Plaintiffs' Petition asserts claims that can easily be inferred to reach the amount in controversy requirements.

12.

Defendants have shown by a preponderance of the evidence that it is facially apparent from Plaintiffs' Petition that at least one Plaintiff's claim meets the minimum jurisdictional amount and that the aggregate amount in controversy encompassing claims asserted by between 500 and 1,000 class members exceeds the jurisdictional minimum for mass actions.

---

[22] *See Bishop v. May and Young Hotel, LLC*, 2010 WL 11538366 (M.D. La. Sept. 30, 2010).
[23] *See* Ex. A, Plaintiffs' Petition, ¶ 2.
[24] *See* Ex. A, Plaintiffs' Petition, ¶ 2.
[25] *See May and Young Hotel, LLC*, No. Civ.A 10-124, 2010 WL 11538366, *3 (M.D. La. Sept. 30, 2010).

## C. Minimal Diversity of Citizenship

13.

Under CAFA, there need be only minimal diversity, such that at least one plaintiff and one defendant must be citizens of different states.[26]

14.

Plaintiffs are natural persons domiciled in Louisiana. For purposes of federal diversity jurisdiction, a natural person is deemed a citizen of the state where he or she is domiciled.[27] In the case at bar, the Petition for Damages states that Plaintiffs, including all class members, are domiciled in the State of Louisiana."[28] Thus, at least one Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

15.

The citizenship of an LLC for diversity purposes is determined by looking to the citizenship of its members.[29]

16.

At all times relevant, Willows, GMF, and PAC were and are single-member LLCs. Their sole member is MOF-Preservation, a 501(c)(3) charitable organization, which itself is wholly owned by Ministry Outreach Foundation, a 501(c)(3) charitable organization. Ministry Outreach Foundation has no members or shareholders, and is a Tennessee entity. Accordingly, Defendants are citizens of the State of Tennessee for the purposes of diversity jurisdiction.

---

[26] 28 U.S.C. § 1332(d)(2)(A).
[27] *See Freeman v. NW Acceptance Corp*., 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").
[28] *See* Ex. A, Plaintiffs' Petition, ¶¶ 1-2.
[29] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("The citizenship of a LLC is determined by the citizenship of its members").

17.

Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d) is satisfied in this case because at least one Plaintiff class member and one Defendant are citizens of different states.

## III. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

18.

Defendants have timely sought to remove this action under 28 U.S.C. 1446(b)(1) and the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2) does not apply to this removal under CAFA.

### A. This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

19.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the plaintiff's initial pleading, that statute requires the notice of removal be filed within 30 days following service on the removing defendant.[30] However, the Fifth Circuit has held that "[g]enerally, service of process is not an absolute prerequisite to removal."[31] Indeed, the Fifth Circuit has interpreted the removal statute,[32] "and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be ***commenced*** against a defendant before removal, but not that the defendant have been served."[33] In Louisiana, an action is "commenced by the filing of a pleading."[34]

---

[30] 28 U.S.C. § 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).
[31] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).
[32] 28 U.S.C. § 1446(b).
[33] *Ellis v. Miss. Farm Bureau Cas. Ins. Co.*, No. Civ.A 20-1012, 2020 WL 2466247, *3 (E.D. La. May 13, 2020) (quoting *Delgado*, 231 F.3d at 177) (emphasis added).
[34] La. Code Civ. Pro. art. 421.

20.

To date, Plaintiffs have not effected service of their Petition on Defendants. However, Plaintiffs have commenced an action against Defendants in state court, which is the only prerequisite to removal under federal law.

21.

Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

## **B. The Forum-Defendant Rule Does Not Apply**

22.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." However, "A class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought."[35]

23.

Because Defendants are removing a class action pursuant to CAFA, the forum-defendant rule does not apply, and therefore, the presence of a Louisiana defendant, such as HANO,[36] will not bar Defendants' removal of this action.

## **IV. CONSENT TO REMOVAL**

24.

Generally, when a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[37]

---

[35] *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1750 (2019) (quoting 28 U.S.C. § 1453(b)).
[36] *See* Ex. A, Plaintiffs' Petition, ¶ 3(E).
[37] *See* 28 U.S.C. § 1446; *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990).

25.

However, "A class action . . . may be removed by any defendant without the consent of all defendants."[38] This language simply amends the rule that "all defendants who have been properly joined and served must join in or consent to the removal of the action."[39]

26.

Here, Defendants need not obtain consent of all defendants to remove this class action.

## V. ALTERNATIVE GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP JURISDICTION

27.

Alternatively, and without waiving their position under CAFA set forth, *supra*, Defendants contend that this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (A) there exists complete diversity of citizenship between Plaintiffs and Defendants and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is also properly removable under 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship

28.

Plaintiffs are citizens of the State of Louisiana for purposes of diversity jurisdiction.[40]

29.

Defendants are citizens of the State of Tennessee for purposes of diversity jurisdiction.[41]

30.

The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because

---

[38] 28 U.S.C. § 1453(b).
[39] *Home Depot*, 139 S. Ct. at 1750 (quoting 28 U.S.C. § 1446(b)(2)(A)).
[40] *See* Section II(C), *supra*.
[41] *See* Section II(C), *supra*.

Plaintiffs and Defendants are citizens of different states.

**B. Improper Joinder—HANO**

31.

Plaintiffs may allege that Defendant, HANO, is a Louisiana entity whose presence defeats complete diversity.

32.

While HANO's inclusion as a party defendant would, generally, defeat diversity, Defendants assert that Plaintiffs have improperly joined HANO as a defendant in this action. Thus, the Court should disregard HANO's citizenship for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(a).[42]

33.

Under the improper joinder doctrine, federal jurisdiction premised on diversity of citizenship cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant.[43]

34.

In the Fifth Circuit, improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party (or forum-defendant) in state court."[44] As to the latter, "ordinarily, if

---

[42] *See Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 738 (S.D. Tex. 2010) ("[A] court may disregard the citizenship of the parties that have been improperly joined.") (citation omitted).
[43] *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F. 3d 571, 574 (5th Cir. 2006); *see also Smallwood v. Illinois Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004) (applying improper-joinder doctrine to forum-state defendant); *New Life Assembly of God of City of Pampa, Texas v. Church Mut. Ins. Co.*, No. 15-51, 2015 WL 2234890, at *3 (N.D. Tex. May 12, 2015) ("Improper joinder is a limited exception to the forum-defendant rule and the requirement of complete diversity.") (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F. 3d 242, 249 (5th Cir. 2011)).
[44] *See Mumfrey v. CVS Pharm., Inc.*, 719 F. 3d 392, 401 (5th Cir. 2013).

a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[45] Where a complaint states a claim that satisfies Rule 12(b)(6), but has "misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[46] Ultimately, there must be a "reasonable possibility of recovery" against the non-diverse or forum-defendant, "not merely a theoretical one."[47]

35.

Plaintiffs' Petition is void of any assertion of a cause of action against HANO.[48] Plaintiffs merely identify HANO as a "political subdivision that operates conventional public housing and issues rental assistance under the Housing Choice Voucher ("HCV" or "Section 8").[49] According to the Petition, "HANO is a party necessary to the adjudication of this matter due to its involvement in the housing and *assistance of tenants and occupants of the Willows*."[50] Other than alleging that HANO provided rental assistance to Plaintiffs, the Petition contains no acts of wrongdoing on the part of HANO, or any other cognizable basis for recovery against HANO for the damages sought. Indeed, according to the Petition, Defendants ("MOF" or "MOF Group") exclusively committed the alleged tortious conduct giving rise to Plaintiffs' claims and alleged damages.[51] Considering Plaintiffs do not claim HANO owned or managed the Willows at any time, or otherwise owed Plaintiffs a duty as a matter of law, the Petition does not survive Rule 12(b)(6) scrutiny.

---

[45] *See Smallwood*, 385 F. 3d at 573.
[46] *Id.; see also Hornbuckle v. State Farm Lloyds*, 385 F. 3d 538, 545–46 (5th Cir. 2004) ("[A] local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant. Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless.").
[47] *Ross v. Citifinancial, Inc.*, 344 F. 3d 458, 462 (5th Cir. 2003).
[48] *See generally,* Ex. A., Plaintiffs' Petition.
[49] *See* Ex. A., Plaintiffs' Petition, ¶ 2(E).
[50] *See* Ex. A., Plaintiffs' Petition, ¶2(E) (original emphasis added).
[51] *See generally,* Ex. A., Plaintiffs' Petition.

36.

Thus, Defendants maintain that HANO is improperly joined.

37.

Based on all of the foregoing, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiffs and Defendants are citizens of different states.

**C. Amount in Controversy**

38.

The Fifth Circuit has articulated a "clear analytical framework" for assessing 28 U.S.C. § 1332's amount in controversy requirement in cases removed from Louisiana state court on the basis of diversity jurisdiction.[52] Under that framework, the removing defendants must show "by a preponderance of the evidence" that the amount in controversy exceeds $75,000.[53] To satisfy this burden, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[54] The Fifth Circuit has allowed removing defendants to meet this "plausible allegation" requirement by demonstrating that the facts alleged by the plaintiff make it "facially apparent" that the amount in controversy is sufficient.[55]

39.

As outlined in Section II(B), *supra*, it is facially apparent from the allegations in Plaintiffs' Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[52] *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 2000); *see also* La. Code Civ. Proc. art. 893.

[53] *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003); *Loque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002).

[54] *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) **only** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554 (emphasis added).

[55] *See id.*

40.

In addition to satisfying the facially apparent test, Plaintiffs' Petition lacks any general allegation that the monetary value of the case is less than the amount required under 28 U.S.C. § 1332(a) for federal diversity jurisdiction.[56] According to Louisiana Code of Civil Procedure Article 893, such a general allegation is "required" to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."[57] Given the mandatory language of that article, a number of Fifth Circuit courts have held that a plaintiff "creates a strong presumption in favor of [diversity] jurisdiction" by failing to generally allege that his or her damages are insufficient for an exercise of such jurisdiction.[58] Indeed, a plaintiff's failure to comply with the requirements of Article 893 is an important consideration in determining the sufficiency of the amount in controversy at the time of removal.[59] Thus, Plaintiffs' failure to include any general allegation in their Petition regarding the monetary value of their claims stands as further evidence that the amount in controversy exceeds $75,000.

41.

For each of the foregoing reasons, it is apparent from the face of Plaintiffs' Petition that

---

[56] *See generally* Ex. A, Plaintiffs' Petition.
[57] *See* La. Code Civ. Proc. art. 893(A)(1) The full text of the subsection reads: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required." *Id*.
[58] *See, e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (internal citations omitted) (magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting *In re Shell Oil Co*., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *see also Raborn v. Con-Way Truckload, Inc*., No. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015); *Borill v. Centennial Wireless, Inc*., 872 F. Supp. 2d 522, 528 (W.D. La. 2012).
[59] *Treqknia Bannister v. ACE American Insurance Company, et al*., No. 16-2830, 2016 WL 2347861, at *2, n. 1 (E.D. La. May 4, 2016) (second footnote "1").

the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## VI. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

42.

Defendants have demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Further, Defendants have shown that this Removal is timely sought under 28 U.S.C. § 1446(b)(1).[60] Now, Defendants further show that this Removal does not violate the forum-defendant rule.

### A. This Removal Does Not Violate 28 U.S.C. § 1441(b)(2)'s Forum-Defendant Rule

43.

In the Fifth Circuit, jurisdictional facts supporting removal are examined as of the time of removal.[61] The Fifth Circuit has held that the forum-defendant rule is not implicated where removal occurs prior to service on the forum-defendant, otherwise known as "snap removal."[62]

44.

Notwithstanding the fact that HANO—the alleged forum-defendant—is improperly joined, which precludes consideration of its citizenship for diversity purposes, the forum-defendant rule nevertheless does not apply because Plaintiffs have not yet effected service of their Petition on HANO as of the time of this removal.[63] As this Court's examination of the parties' citizenship is limited to those facts existing as of the time of removal, the forum-defendant rule does not apply

[60] *See* Section III(A), *supra*.
[61] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[62] *Jackson v. Bethea*, No. Civ.A 22-878, 2022 WL 4396411, *2 (E.D. La. Sept. 23, 2022) (quoting *Texas Brine Co., LLC v. Am. Arbitration Ass'n*, 955 F.3d 482 (5th Cir. 2020) (finding that snap removal by a non-forum defendant based upon the lack of service upon a forum-defendant prior to removal was proper).
[63] *See generally* Ex. A.

to preclude diversity jurisdiction.

## VII. CONSENT TO REMOVAL

45.

When a civil action is removed and there are multiple defendants to the state action, all ***properly joined defendants*** must join the removal petition.[64]

46.

HANO is neither a properly joined nor actually joined defendant, insofar as it is improperly joined and has not yet been served with Plaintiffs' Petition. Therefore, it need not consent to removal.

## VIII. PROCEDURAL COMPLIANCE & CONCLUSION

47.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Defendants are attached hereto as Exhibit "A."[65]

48.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

49.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing

[64] 28 U.S.C. § 1446 (emphasis added).
[65] Although Defendants have not been served with Plaintiffs' Petition, Defendants submit the entire state court record herein.

law, and that it is not interposed for any improper purpose.

**WHEREFORE,** Defendants, MOF-Preservation of Affordability Corp., MOF-Willows, LLC, PAC Housing Group, LLC, and GMF-Parc Fontaine, LLC, respectfully request that this Court assume full jurisdiction over this matter as provided by law. This Court has jurisdiction over the dispute because there is minimal diversity and a requisite amount in controversy for jurisdiction under the Class Action Fairness Act, and alternatively, because there is complete diversity among all properly joined parties and a requisite amount in controversy for diversity jurisdiction.

Respectfully submitted,

*/s/ Ernest P. Gieger, Jr.*

ERNEST P. GIEGER, JR. (No. 6154)
EMILY E. EAGAN (No. 29166)
NICHOLAS S. BERGERON (No. 37585)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: egieger@glllaw.com
eeagan@glllaw.com
nbergeron@glllaw.com
*Attorneys for MOF-Preservation of Affordability Corp., MOF-Willows, LLC, PAC Housing Group, LLC, and GMF-Parc Fontaine, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2023, the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that a copy of the above and foregoing has been forwarded to counsel of record for Plaintiffs by electronic transmission on this 28th day of April, 2023.

*/s/ Ernest P. Gieger, Jr.*