UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CIERRA ROUSSEAU-DOBARD, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1433 |
| MOF-PRESERVATION OF AFFORDABILITY CORP., ET AL. | * | SECTION "M" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiffs' Motion to Compel Discovery ECF No. 34. The parties filed Opposition and Reply Memoranda. ECF Nos. 36, 38. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion to Compel (ECF No. 34) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.      **BACKGROUND**

Plaintiffs Cierra and Michael Dobard and other named plaintiffs filed this class action in state court against MOF-Preservation of Affordability Corp., MOF-Willows, Inc., PAC Housing Group, Inc., GMF-Parc Fontaine, LLC, (collectively, the "MOF Group") and Housing Authority of New Orleans ("HANO") seeking damages due to substandard living conditions at The Willows apartment community based on claims of breach of contractual obligations and unfair trade practices. ECF No. 1-1 ¶¶ 5, 13, 31-35, 36-39, 40-46. *See also* ECF No. 21. Plaintiffs seek to certify the following class:

> All domiciliary tenants and occupants who provided rent, with or without government assistance, from 2014 through date of certification, who were subject to the conditions described herein and who are currently domiciled in and are citizens of the State of Louisiana[.]

1

ECF No. 1-1 ¶ 2.  The governing Scheduling Order establishes a March 30, 2024 deadline for class certification written discovery and an August 30, 2024 deadline for all other written discovery.  ECF No. 31 at 1-2.

Plaintiffs seek to compel production of certain documents related to the potential sale of The Willows, which sale Plaintiffs learned about in the news rather than from Defendants despite serving the following discovery request:

> **REQUEST FOR PRODUCTION NO. 10:** Please provide a copy of any act of sale, transfer, purchase agreement, offers, option agreement, servitude agreements, quitclaims, or other documents creating, alienating, or in any way relating to the ownership and/or property rights of the Property from 2013 to present.

ECF Nos. 34, 34-1 at 1-2.  Plaintiffs assert that their counsel addressed documents related to the potential sale with Defendants during a December 6, 2023 discovery conference and, although Defendants indicated that Plaintiffs would be entitled to the information, Plaintiffs have received no additional information or documentation.  *Id*. at 2-4.  Plaintiffs contend that the information is relevant not only to the maintenance of the apartment complex but is "additionally tied to the class definition with respect to the amount of time with the substandard conditions at the property."  *Id*. at 4.

In Opposition, the MOF Group argues that Plaintiffs did not identify their response to Request No. 10 as deficient in the Rule 37 letter issued on October 27, 2023 but Defendants nevertheless amended their response to the request by stating:

> Willows[/MOF-Preservation] amends its response to Request No. 10 as follows: Willows[/Defendant] objects to Request No. 10 as exceeding the scope of permissible discovery under FRCP 26(b) to the extent it seeks documents neither relevant to the parties' claims or defenses, nor proportional to the needs of the case and, therefore, not subject to disclosure.

ECF No. 36 at 1-3.  Defendants further contend that they did not agree to supplement their response to Request No. 10 during the parties' December 6, 2023 conference and the contemplated sale "fell apart" in January, 2024, thus the reason for Plaintiffs' motion no longer exists.  *Id*. at 3-4.  Further,

Defendants argue, the request is overly burdensome and seeks irrelevant information, the production of which would jeopardize Defendants' ability to freely transact with customers and prospective purchasers, who would be on notice that their "non-public financial information would be subject to public record." *Id*. at 6.

In Reply, Plaintiffs argue that information regarding the contemplated sale of the apartment complex is relevant as same would likely include information about the condition of the property in documents such as real estate property disclosures, insurance claims, and inspection reports. ECF No. 38. Plaintiffs further argue that sales negotiations and "even the eventual price may center around the conditions," particularly in light of Defendants' public statements about the negative impact of the apartment complex's condition on the attempted sale. *Id*. at 2-6.

## II.     APPLICABLE LAW

### A. Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Rule 26's advisory committee comments make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them."

FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

### B. Duty to Respond to Discovery

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[1] "Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[2]

A party must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered. FED. R. CIV. P.34(b)(2)(A). This production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response." FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1); FED. R. CIV. P. 34(b)(2)(B).[3] A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control. FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1). For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objection, including the reason. FED. R. CIV. P. 34(b)(2)(B). If a party fails to produce documents, respond that inspection will be permitted, or

---

[1] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[2] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).
[3] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

permit inspection, the party seeking discovery may, on notice to other parties and certification that the parties participated in a Rule 37 conference in good faith, move for an order compelling an answer, designation, production, or inspection.  FED. R. CIV. P. 37(a).

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[4] and courts have long interpreted the rules to prohibit general, boilerplate objections.[5]  When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[6]  Objections interposed without also indicating whether any document or information is being withheld are improper.[7]  Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[8]  Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections.  Courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[9]

---

[4] 8B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2173 (3d ed. 2021).
[5] *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC,* Nos. 13-2809, 12-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).
[6] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objs. overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).
[7] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall short of party's burden when party objected based on privilege but failed to state whether any documents were withheld or the nature of withheld documents).
[8] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").
[9] *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [but the practice] 'manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'").

C. <u>Analysis</u>

Defendants initially agreed to produce documents responsive to Request No. 10. ECF No. 34-6 at 11 ("Willows is actively seeking to obtain the documents sought in this request and will supplement this response when the documents are obtained."). When Defendants served their supplemental responses, however, they objected to Request No. 10 as outside the scope of permissible discovery "to the extent it seeks documents neither relevant to the parties' claims or defenses, nor proportional to the needs of the case." *See* ECF No. 36-1 at 11-12.

Untimely objections are generally waived unless the court, for good cause, excuses the failure.[10] Here, Defendants have provided no justification for their refusal to deliver documents responsive to Request No. 10 as initially promised. Moreover, Defendants' untimely objection to the request "to the extent" it seeks irrelevant or disproportionate information is improper, confusing, and fails to articulate *why* Defendants believe the request is problematic. In their Opposition, Defendants shed some light on these vague objections by arguing that the production would be overly burdensome and could harm future business endeavors if prospective customers and purchasers learn that their transactions with Defendants are subject to public disclosure. As to the former concern, Defendants fail to explain how the production would be unduly burdensome. As to the latter, a protective order would mitigate any such privacy concerns.

Defendants' proportionality objection, however vague, has some merit given the breadth of information requested. The objection is thus granted in part and Request No. 10 is modified to seek

> a copy of any act of sale, transfer, purchase agreement, option agreement, servitude agreement, quitclaim, or other document creating or alienating the ownership and/or property rights of the Property from 2013 to present.

---

[10] FED. R. CIV. P. 33(b)(4); *see also Scott v. Mobilelink Louisiana, LLC*, No. 20-8226, 2022 WL 3009111, at *1 (M.D. La. July 28, 2022) (citing *White v. Graceland Coll. Ctr. for Pro. Dev. & Lifelong Learning, Inc*., 586 F. Supp. 2d 1250, 1256-57 (D. Kan. 2008) ("Objections that are not initially raised in the answer or response to the discovery are deemed waived.")).

Defendants' relevance objection, however, is overruled; documents reflecting changes in ownership of the apartment complex from 2013 to present are relevant to Plaintiff's breach of contract claims. Defendants must provide a full and complete to this request within twenty-one (21) days.

Plaintiffs' request for information specific to the attempted sale, however, is denied. In their Reply Memorandum, Plaintiffs argue the relevance of real estate property disclosures, inspections, and appraisals performed in connection with the attempted sale and seek to compel production of same in response to Request No. 10. While such "documents and information" regarding the December 2023 attempted sale of The Willows may be relevant, Plaintiffs have not requested that documentation in Request No. 10. Further, to the extent Plaintiffs seek draft copies of acts of sale or other purchase agreements for a sale that never came to fruition, such documents are irrelevant to this case and will not be compelled.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 34) is GRANTED IN PART AND DENIED IN PART as stated herein. Defendants must supplement their responses as instructed herein within twenty-one (21) days.

New Orleans, Louisiana, this ___6th___ day of March, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE