UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CIERRA ROUSSEAU-DOBARD, *et al.*                CIVIL ACTION

VERSUS                                          NO. 23-1433

MOF-PRESERVATION OF                             SECTION M (2)
AFFORDABILITY CORP., *et al.*

## **ORDER**

Having reviewed and considered the parties' joint motion for certification of the class for settlement purposes only, preliminary approval of settlement, appointment of claims administrator, approval of the form and manner of the combined class certification opt-out and settlement notice, approval of proof of claim form and preliminary schedule, and appointment of class representatives and class counsel (the "Motion for Approval") and all exhibits thereto,

(A) The Court finds that the Motion for Approval and documents submitted as exhibits thereto establish that the December 17, 2024 confidential stay agreement and the August 12, 2025 settlement communication (the "Settlement") were the result of extensive arms-length negotiations between class counsel for plaintiffs and counsel for defendants. Counsel for the parties are experienced in this type of litigation, with full knowledge of the risks inherent in this action. The extent of legal research as to the sufficiency of the claims and class certification, independent investigations by counsel for the parties, and the factual record compiled, suffice to enable the parties to make an informed decision as to the fairness and adequacy of the terms of the Settlement.

(B) The Court further finds that the proposed settlement provides significant relief to the class members in the form of monetary payments to class members as described in the Settlement

and Motion for Approval, and thus is fair, reasonable, and adequate in accordance with Federal Rule of Civil Procedure 23(e)(2).  Accordingly,

IT IS ORDERED that:

1.

The proposed class (the "Settlement Class") is hereby certified for settlement purposes only, the parties having stipulated to the certification of this proposed class for settlement purposes only pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Settlement Class shall be defined as:

> All natural persons who leased and/or occupied the residential property pursuant to a lease at The Willows apartment complex between January 1, 2014, and June 11, 2025, and sustained damages as a direct result of the living conditions at The Willows apartment complex. Regardless of the number of individuals occupying a single unit at The Willows apartment complex, only one claim for rental reimbursement may be made per household by the individual whose name was on the lease as being responsible for rental payments or his/her representative. This is because only one rental payment was required to be paid during any given rental period, regardless of how many people occupied an apartment at one time. This class excludes Defendants, their affiliates, employees, officers and directors, and the Judge(s) assigned to this case.

2.

Cierra Rousseau-Dobard, Michael Dobard, Brittany Harris, Nicole Jones, Chelsi Nora, Beverly Williams, Adrianna Jackson, Amy Toledano, Erica Toledano, Elise Felix, Gladys Dedrick, Kimberly Delay, Jasmine Randall, Marvette Johnson, Leotis Johnson, Tashane Gordon, Tierra Slack, Winifred Boyd, Brittany Williams, the named Plaintiffs in this matter, are appointed as class representatives, and their attorneys, Jacob D. Young and Megan Kiefer, are appointed as class counsel based upon their qualifications, considering the criteria set forth in Federal Rule of Civil Procedure 23(g)(1).

3.

The Settlement between the parties – as reflected in the confidential stay agreement dated December 17, 2024 (attached to the Motion for Approval as Exhibit A) and settlement communication dated August 12, 2025 (attached to the Motion for Approval as Exhibit B) – is preliminarily approved as fair, reasonable, and adequate, entered into in good faith and without collusion, and within the range for possible judicial approval, and the confidential stay agreement and the Settlement shall be submitted to the Settlement Class for consideration at a fairness hearing upon the parties' filing of a motion for final approval of settlement.

4.

The proposed distribution of settlement proceeds at progressive amounts based upon connections with the property and worsening property conditions over time is fair and reasonable.

5.

Jacob Young of Herman & Young at 1100 Poydras St., Suite 1200, New Orleans, Louisiana 70163, is appointed to serve as Claims Administrator with the authority to (i) administer the notice plan approved herein; (ii) devise a plan for establishing appropriate reserves to be deducted from the settlement payment in order to establish the amount available from the settlement payment for distribution to class members; (iii) establish appropriate criteria for evaluation of the claims of class members; (iv) review and evaluate the claims of class members in accordance with the criteria so established; (v) establish proposed allocations for each class member in accordance with these criteria and evaluations; (vi) prepare a proposed plan for distribution of the proposed allocations; (vii) submit to the Court a report on the above, along with recommendations for the Court's consideration in proceeding with the allocation and distribution process following the effective date of the settlement; (viii) engage such staff, deputies, and experts as reasonably

necessary and conduct such hearings as may be necessary and appropriate to carry out this assignment, the class member disbursements, and the individual allocation or distribution of class counsel fees; (ix) engage in *ex parte* communications with the Court and parties as may be necessary and appropriate to carry out this assignment, the class member disbursements, and the individual allocation or distribution of class counsel fees; and (x) perform such other acts and functions as may be necessary or appropriate to fulfill the duties and responsibilities as set forth herein and in the settlement agreement, or as the Court may direct.

6.

The form and manner of the combined long-form notice of class action settlement and opt-out (attached to the Motion for Approval as Exhibit D and in short form as Exhibit E), and the plan for dissemination of the notice via direct mailing to all individuals who leased residential property at The Willows apartment complex at any time between January 1, 2014 and June 11, 2025, publication in *The Times-Picayune*/*The New Orleans Advocate* and *The Louisiana Weekly*, and publication on a website to include all reasonable notices and forms, are approved.

7.

Jacob Young, as Claims Administrator, shall be responsible for accepting and maintaining documents sent from class members, including opt-out notices, objections to the Settlement, and proof of claim forms and other documents relating to claims administration and that the Claims Administrator may seek Court approval for reimbursement from the settlement fund for all fees and expenses incurred in connection with claims administration and the dissemination/publication of the settlement notice.

8.

Both the content and plan for dissemination of the Proof of Claim Form (attached to the Motion for Approval as Exhibit F) for all putative class members who leased residential property at The Willows apartment complex and sustained damages as a direct result of the living conditions at The Willows apartment complex at any time between January 1, 2014 and June 11, 2025, and the plan to make the Proof of Claim Form available to all such class members on a website dedicated to the Settlement and referenced in the approved notices, are approved.

9.

The following preliminary schedule is approved:

| # | Action | Deadline |
|---|---|---|
| 1 | Deadline for Defendants to provide Claims Administrator with Settlement Class Member contact information | No later than 20 days from the date of this Order |
| 2 | Website Notice Posted by Claims Administrator | No later than 30 days from the date of this Order |
| 3 | Deadline for Claims Administrator to mail first Notice | No later than 30 days from the date of this Order |
| 4 | Deadline for Claims Administrator to send second Notice | No later than 15 days from the date the first Notice is sent |
| 5 | Deadline for Class Counsel to file the Motion for Attorneys' Fees, Costs, and Service Award | No later than 45 days before the deadline to file objections or opt-outs |
| 6 | Deadline for Settlement Class Members to opt-out of the Agreement | No later than 30 days prior to the Final Approval Hearing |
| 7 | Deadline for submission of Notice of Intent to object to agreement | No later than 30 days prior to the Final Approval Hearing |

| 8 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement | No later than 20 days before the Final Approval Hearing |
|---|---|---|
| 9 | Deadline for Claims Administrator to file proof of completion of Notice, along with complete and accurate list of Settlement Class Members requesting exclusion | No later than 10 days prior to the Final Approval Hearing |
| 10 | Final Approval Hearing | Thursday, July 9, 2026 at 10:00 a.m. |
| 11 | Deadline for Settlement Class Members to file claims | No later than 15 days after the Final Approval Hearing |

New Orleans, Louisiana, this 25th day of March, 2026.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE