UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CIERRA ROUSSEAU-DOBARD, *et al.*                    CIVIL ACTION

VERSUS                                              NO. 23-1433

MOF-PRESERVATION OF                                 SECTION M (2)
AFFORDABILITY CORP., *et al.*

## ORDER

Before the Court is the motion of plaintiffs Cierra Rousseau-Dobard, Michael Dobard, Brittany Harris, Nicole Jones, Chelsi Nora, and Beverly Williams (collectively, "Plaintiffs"), for final approval of settlement (R. Doc. 61). The Court, on joint motion of the parties, entered an order of preliminary approval of the settlement on March 25, 2026 (R. Doc. 54). In its preliminary approval order, the Court appointed Cierra Rousseau-Dobard, Michael Dobard, Brittany Harris, Nicole Jones, Chelsi Nora, Beverly Williams, Adrianna Jackson, Amy Toledano, Erica Toledano, Elise Felix, Gladys Dedrick, Kimberly Delay, Jasmine Randall, Marvette Johnson, Leotis Johnson, Tashane Gordon, Tierra Slack, Winifred Boyd, Brittany Williams, the named Plaintiffs in this matter, as Class Representatives, and their attorneys, Jacob D. Young and Megan Kiefer, as Class Counsel based upon their qualifications. It also appointed Young as Claims Administrator.

In accordance with Federal Rule of Civil Procedure 23(e)(2), the Court conducted a final fairness hearing on July 9, 2026. Having considered the Plaintiffs' memoranda, the record, the statements made at the final fairness hearing, and the applicable law, the Court finds as follows:

(A) The Court's order of preliminary approval set forth the following preliminary schedule for effectuating notice to class members:

| # | Action | Deadline |
|---|--------|----------|
| 1 | Deadline for Defendants to provide Claims Administrator with Settlement Class Member contact information | No later than 20 days from March 25, 2026 |
| 2 | Website Notice Posted by Claims Administrator | No later than 30 days from March 25, 2026 |
| 3 | Deadline for Claims Administrator to mail first Notice | No later than 30 days from March 25, 2026 |
| 4 | Deadline for Claims Administrator to send second Notice | No later than 15 days from the date the first Notice is sent |
| 5 | Deadline for Class Counsel to file the Motion for Attorneys' Fees, Costs, and Service Award | No later than 45 days before the deadline to file objections or opt-outs |
| 6 | Deadline for Settlement Class Members to opt-out of the Agreement | No later than 30 days prior to the Final Approval Hearing |
| 7 | Deadline for submission of Notice of Intent to object to agreement | No later than 30 days prior to the Final Approval Hearing |
| 8 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement | No later than 20 days before the Final Approval Hearing |
| 9 | Deadline for Claims Administrator to file proof of completion of Notice, along with complete and accurate list of Settlement Class Members requesting exclusion | No later than 10 days prior to the Final Approval Hearing |
| 10 | Final Approval Hearing | Thursday, July 9, 2026 at 10:00 a.m. |
| 11 | Deadline for Settlement Class Members to file claims | No later than 15 days after the Final Approval Hearing |

(B)  On April 21, 2026, on joint motion of the parties, the Court entered an order (R. Doc. 58) extending certain deadlines as follows:

2

|  | Action | New Deadline |
|---|---|---|
| 1 | Deadline for Defendants to provide Claims Administrator with Settlement Class Member contact information | April 21, 2026 |
| 2 | Website Notice Posted by Claims Administrator | May 1, 2026 |
| 3 | Deadline for Claims Administrator to mail first Notice | May 1, 2026 |
| 4 | Deadline for Claims Administrator to send second Notice | May 15, 2026 |
| 5 | Deadline for Class Counsel to file the Motion for Attorneys' Fees, Costs, and Service Award | May 1, 2026 |

(C) On June 17, 2026, on unopposed motion from the Plaintiffs, the Court entered an order (R. Doc. 60) extending the deadline for Settlement Class Members to opt out of the agreement or to submit their Notice of Intent to object to the agreement until June 22, 2026.

(D) On June 30, 2026, Claims Administrator Jacob Young filed Proof of Completion of Notice (R. Doc. 63), showing that website notice, direct mailing, and proof of publication had been conducted in accordance with the Court's preliminary approval order and the above preliminary schedule – specifically, that class notice had been published in the *New Orleans Times-Picayune* on May 1, 2026, and in the *Louisiana Weekly* from May 4 – May 10, 2026.

(E) On July 9, 2026, at the final fairness hearing, the Court heard presentation of Class Counsel Jacob Young, wherein he established that claims notice and administration had been conducted in accordance with the Court's preliminary approval order and

preliminary schedule, as amended by the extensions of certain deadlines.   Class Counsel further explained that direct mail notices had been forwarded to all known addresses of tenants of The Willows identified by the defendants, as well as to all tenants for which addresses could be located.

(F) Class Counsel stated at the fairness hearing that, at the time of the hearing, 121 claimants had submitted proof-of-claim forms, although the submission of a proof-of-claim form was not required for those claimants anticipated by the settlement agreement.  The Court thus finds that the submitted proof-of-claim forms indicate that the Claims Administrator's notice to class members was effective.  The number of proof-of-claim form submissions did not significantly alter the amount of claimants anticipated by the parties at the time of settlement and by the Court in its preliminary approval order.  Accordingly, the compensation of class members as calculated in the preliminary approval order will not significantly differ from the actual compensation that class members will receive after final approval of the settlement.

(G) At the fairness hearing, Class Counsel established that the specific proposed distribution of Settlement Proceeds at progressive amounts based upon connections with the property and worsening property conditions over time is fair and reasonable. Specifically, the Agreement provides that defendants shall pay Settlement Class A Members a total of three million dollars ($3,000,000) in compensation representing a portion of rental reimbursement for rents paid by Settlement Class A Members between January 1, 2018, and June 11, 2025.  The Agreement further provides that defendants shall pay Settlement Class B Members a total of one hundred fifty thousand dollars ($150,000) in compensation representing a portion of rental reimbursement for

4

rents paid Settlement Class B Members from January 1, 2014, to December 31, 2017. Class members who resided at The Willows during Class B Member years (2014 to 2017) will receive compensation ranging from $85.10 to $162.70 yearly per occupied unit. Class members who resided at The Willows during Class A Member years (2018 to 2025) will receive compensation ranging from $714.52 to $2,134.75 yearly per occupied unit. The graduated scale of compensation – which begins with the lowest yearly compensation amount for the year of 2014 and increases with each year, culminating in the highest yearly compensation amount for the year of 2025 – is appropriate, as findings in discovery establish that conditions at the subject property had worsened as the years progressed.

(H) Class Counsel represented that no objection to the proposed settlement had been received by counsel or filed into the record, although one individual requested to opt out of the class settlement to preserve a potential injury claim against one or more of the defendants.

(I) Statements from Class Counsel, counsel for defendants, and two Class Representatives at the fairness hearing, and the motion for preliminary approval and documents submitted as exhibits thereto, show that the December 17, 2024 Confidential Stay Agreement, and the June 2, 2025 Settlement Communication (together, "the Settlement") was the result of extensive arms-length negotiations between Class Counsel and counsel for defendants. Counsel for the parties are experienced in this type of litigation, with full knowledge of the risks inherent in this action. The extent of legal research as to the sufficiency of the claims and class certification, independent investigations by counsel for the parties, and the factual record compiled suffice to

enable the parties to make an informed decision as to the fairness and adequacy of the terms of the Settlement.

(J) The numerosity requirement for class certification under Rule 23(a)(1) has been met. The Willows complex consists of approximately 19 buildings, containing 263 apartments. Data obtained from defendants' tenant management documents shows that on average, 206 units were occupied between 2019 and 2023, approximately half of the class period. Specifically, 233 units were occupied in 2019; 235 units were occupied in 2020; 208 units were occupied in 2021; 159 units were occupied in 2022; and 197 units were occupied in 2023. Records established at least 954 separate leaseholds during the class period. Joinder of so many tenant claims would be impracticable and well within the range held to satisfy the numerosity requirement.

(K) The commonality requirement for class certification under Rule 23(a)(2) has been satisfied. All putative plaintiffs lived in the same apartment complex under the same owners and managers. All signed the same standard lease agreement. There are common questions of law and fact regarding the defendants' obligations to provide safe, sanitary and habitable common and living areas, amenities, and services to tenants and the defendants' alleged breach of these obligations. Moreover, Plaintiffs seek the return of rent as damages, as opposed to damages for any type of personal injury. Consequently, how each putative plaintiff experienced the deficiencies in the common and living areas, amenities, or services is irrelevant to the question of whether defendants adequately discharged their alleged obligations regarding common and living areas, amenities, and services.

(L) The typicality requirement for class certification under Rule 23(a)(3) has been met. Plaintiffs assert a breach-of-contract claim, seeking a return of rental payments as damages for defendants' alleged failure to maintain the common and living areas of the complex and provide the common services required under the standard lease agreement. Although each putative class member may have different feelings about or responses to the asserted deficiencies, the alleged breaches themselves are the same across the putative class and the damages sought can be determined in a formulaic manner. Thus, the named Plaintiffs' claims are typical of the class of lessee residents.

(M) The Court, at the fairness hearing, heard presentation of Class Counsel regarding the efforts of the Class Representatives and the appropriateness of Class Representative compensation. Class Representatives and Class Counsel have adequately and fairly protected the interests of the class pursuant to Rule 23(a). Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the other settlement class members whom they seek to represent. Moreover, the record demonstrates significant effort expended in the representation of the class.

(N) The class is sufficiently cohesive to warrant adjudication by representation. A class action here is a superior method in fairly and efficiently adjudicating the controversy. The putative plaintiffs' losses are relatively small and requiring each individual claimant to bring his or her claims separately would waste limited resources, would increase the overall cost of litigation, may result in inconsistent outcomes, and would likely result in many claims being abandoned.

(O) The settlement of the claims of the Class Members against defendants, and the significant relief provided to the Class Members in the form of monetary payments to Class Members as described in the Settlement, are fair, reasonable and adequate.

(P) The Court has determined that the Settlement has met the requirements of Federal Rule of Civil Procedure 23(e).  With respect to notice of the settlement to the class, the Court is persuaded that Class Counsel and the Claims Administrator have issued adequate notice in accordance with Rule 23(e)(1).  Further, in accordance with Rule 23(e)(2), the Class Representatives have adequately represented the class; the proposal was negotiated at arm's length; the class members are treated equitably relative to each other; and the class relief is adequate, considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief to the class, and the terms of the proposed attorney's fees.  The Settlement meets the requirements of Rule 23(e)(3), as the parties have filed a statement identifying the agreements made in connection with the proposal.  Due to the extended notice and objection opportunities in this matter, refusal of approval pursuant to Rule 23(e)(4) is unnecessary.  Finally, given that no Class Members made any objection of record to the settlement, Rule 23(e)(5) is not applicable.

Accordingly,

IT IS ORDERED that the proposed Class is hereby certified for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).  The parties stipulate to the certification of this proposed class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Settlement Class shall be defined as:

All natural persons who leased and/or occupied the residential property pursuant to a lease at The Willows apartment complex between January 1, 2014, and June 11, 2025, and sustained damages as a direct result of the living conditions at The Willows apartment complex. Regardless of the number of individuals occupying a single unit at The Willows apartment complex, only one claim for rental reimbursement may be made per household by the individual whose name was on the lease as being responsible for rental payments or his/her representative. This is because only one rental payment was required to be paid during any given rental period, regardless of how many people occupied an apartment at one time. This class excludes Defendants, their affiliates, employees, officers and directors, and the Judge(s) assigned to this case.

IT IS FURTHER ORDERED that the Settlement between the parties as reflected in the Confidential Stay Agreement dated December 17, 2024 (attached to the motion for approval as Exhibit A) and Settlement Communication dated June 2, 2025 (attached to the Motion for Approval as Exhibit B) is approved as fair, reasonable, and adequate, entered into in good faith and without collusion. Specifically, Class Members agree to fully, finally and forever release, relinquish, and discharge any current or future contract claims they might have against defendants that arise as a direct result of the living conditions at The Willows apartment complex at any time between January 1, 2014 and June 11, 2025. In exchange, defendants agree to provide $3,200,000 in total compensation, including $3,150,000 in compensation to the class and $50,000 in administration costs.

IT IS FURTHER ORDERED that Jacob Young, as Claims Administrator, has the authority to (i) administer the notice plan approved herein; (ii) devise a plan for establishing appropriate reserves to be deducted from the Settlement Payment in order to establish the amount available from the Settlement Payment for distribution to Class Members; (iii) establish appropriate criteria for evaluation of Claims of Class Members; (iv) review and evaluate the Claims of Class Members in accordance with the criteria so established; (v) establish proposed allocations for each Class Member in accordance with these criteria and evaluations; (vi) prepare a proposed plan for

distribution of the proposed allocations; (vii) submit to the Court a report on the above, along with recommendations for the Court's consideration in proceeding with the allocation and distribution process following the Effective Date; (viii) engage such staff, deputies, and experts as reasonably necessary and conduct such hearings as may be necessary and appropriate to carry out this assignment, the Class Member disbursements, and the individual allocation or distribution of Class Counsel fees; (ix) engage in *ex parte* communications with the Court and parties as may be necessary and appropriate to carry out this assignment, the Class Member disbursements, and the individual allocation or distribution of Class Counsel fee; and (x) perform such other acts and functions as may be necessary or appropriate to fulfill the duties and responsibilities as set forth herein and in the settlement agreement, or as the Court may direct.

IT IS FURTHER ORDERED that Jacob Young, as Claims Administrator, shall be responsible for accepting and maintaining documents sent from Class Members, including proof-of-claim forms and other documents relating to claims administration and that the Claims Administrator may seek Court approval for reimbursement from the Settlement Fund for all fees and expenses incurred in connection with claims administration and the dissemination/publication of the Settlement Notice.

IT IS FURTHER ORDERED that service awards in the amount of $25,000 are granted to each of Cierra-Rousseau-Dobard, Michael Dobard, Brittany Harris, and Beverly Williams, as well as service awards in the amount of $3,500 to each of the other class representatives, for the time and effort they invested in the pursuit of class claims.

IT IS FURTHER ORDERED that the deadline for Class Members to file claims shall be July 24, 2026, consistent with the Court's prior Order of Preliminary Approval. This deadline

shall be subject to reasonable extension by motion of the Claims Administrator and approval of the Court.

IT IS FURTHER ORDERED that, within fifteen (15) days of the conclusion of the deadline for Class Members to file claims, the Claims Administrator shall submit to the Court a proposed distribution plan including proposed allocations.

New Orleans, Louisiana, this 14th day of July, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE